UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 14-73-HRW

TONY CASEY                                                                                    PLAINTIFF,

v.                              MEMORANDUM OPINION AND ORDER

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,                        DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on April 14, 2010, alleging disability beginning on January 8, 2008, due to neck and back pain (Tr. 212). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Andrew Chwalibog (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Leah Salyers, a vocational expert (hereinafter "VE"), also testified. At the close of testimony, the ALJ stated: "[I]f I feel that it's necessary that I get additional evidence

after the hearing, I [will] get that evidence. [I] [w]ant to get as much information as I can before I make my decision" (Tr. 44). The ALJ then obtained written interrogatory responses from a medical expert, Ronald Kendrick, M.D. Additional medical evidence was also submitted by Plaintiff. Thereafter, a supplement hearing was convened during which the VE provided additional testimony.

At the supplemental hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 9-17). Plaintiff was 31 years old and pursing a GED at the time of the hearing decision. His past relevant work experience consists of work as a coal miner, landscaper and rock quarry worker.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 11).

The ALJ then determined, at Step 2, that Plaintiff suffers from cervical spondylosis and cervical sprain, which he found to be "severe" within the meaning of the Regulations (Tr. 11-12).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 12). In doing so, the ALJ specifically considered Listings 1.00, 1.02 and 1.04 (Tr. 12).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 16) but determined that he has the residual functional capacity ("RFC") to perform a range of light work as defined in 20 C.F.R. 404.1567 (Tr. 12-14).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 16).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

3

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff's sole contention on appeal is that his due process rights were violated when the ALJ obtained a medical expert's opinion through interrogatories but did not (1) provide him with a copy of the interrogatories more than 10 days in advance of the supplemental hearing or (2) include in the administrative record the letter that the ALJ transmitted to the medical expert with the interrogatories, both of which he claims violate the Hearings, Appeals, and Litigation Law Manual (HALLEX) and his due process rights.

Plaintiff's argument is without merit. After obtaining the interrogatories and, pursuant to the HALLEX, the ALJ held a supplemental hearing on May 24, 2012 (Tr. 23-41).[2] *See* HALLEX I-2-

4

5-42, 1994 WL 637376. At that hearing, the ALJ stated that he had sent Plaintiff's medical record to orthopedic surgeon Dr. Kendrick, who completed a written report (Tr. 25). The ALJ then asked Plaintiff counsel: "[H]ave you had the opportunity to go through the exhibit file? We're currently . . . up to – the F Section is now up to 18F [Dr. Kendrick's interrogatories]" (Tr. 25). Plaintiff's counsel responded "Yes, Your Honor" and, when asked if he had any objections to the additional exhibits, responded "No objections, Your Honor" (Tr. 25). Those additional exhibits, including Dr. Kendrick's interrogatories, were then admitted to the record (Tr. 25). The ALJ proceeded to take additional testimony from Plaintiff and the vocational expert in light of Dr. Kendrick's interrogatory responses (Tr. 25-41). The ALJ held the record open for 30 days after the supplemental hearing so that Plaintiff could submit additional evidence (Tr. 41), and Plaintiff or his counsel did not raise any concerns with Dr. Kendrick's interrogatories during that time period.

During the nearly two years which elapsed between having notice of the interrogatories and the Appeal's Council review of the ALJ's decision, Plaintiff never expressed and concern in this regard. Rather, this appeal is the first mention of it and, as such, it rings hollow.

Second, Plaintiff claims that the ALJ violated HALLEX provision I-2-5-42( c ), which states that, when sending interrogatories to the medical expert, ALJs should "mark one copy of the [transmittal] letter as an exhibit and place it in the CF [presumably, claimant's file]." 1994 WL 637376. The transmittal letter is admittedly absent from the record in this case. However, even if the undersigned were to regard this as error, Plaintiff has not demonstrated any harm in the fact that the transmittal letter is not included in the record, when Dr. Kendrick's interrogatory responses *are* contained in the record. *See Shinseki v. Sanders*, 129 S. Ct. 1696, 1706 (2009) ("the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination" (citations omitted).

5

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 24th day of September, 2015.

Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**

Henry R. Wilhoit, Jr., Senior Judge